# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>ALFREDO VILLAGOMEZ-CASTENEDA,<br><br>      Defendant. | Case No. 19-mj-11286-RBM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 9)** |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>GUADALUPE VASQUEZ-ZURITA,<br><br>      Defendant. | Case No. 19-mj-11684-RBM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 8)** |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> v.<br><br>LUIS HUMBERTO JACOBO-VILLAVAZO,<br><br>      Defendant. | Case No. 19-mj-11779-RBM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 8)** |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>LUIS FERNANDO HERRERA-DE LA PENA,<br><br>        Defendant. | Case No. 19-mj-24515-RNB-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)[1]** |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>REYNALDO ALDANA-SALINAS,<br><br>        Defendant. | Case No. 19-mj-24525-FAG-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>NARCISO DAVILA-MATA,<br><br>        Defendant. | Case 19-mj-24542-RAM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>JOSE ESTEBAN-AQUINO,<br><br>        Defendant. | Case No. 19-mj-24692-MDD-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |

---

[1] The Court **GRANTS** the motion for extension of time for Defendant Herrera-De La Pena to file his opening brief (ECF No. 14). The Court deems his brief timely.

- 2 -

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>LUCERO CALIXTO-ALPIZAR,<br><br>                  Defendant. | Case No. 19-mj-24695-MDD-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JUAN REYES-FRANCISCO,<br><br>                  Defendant. | Case No. 20-mj-08082-RBM-BAS-1<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 7)** |

## I.    STATEMENT OF FACTS

Each of the above Defendants pled guilty, without a plea agreement, to attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1), and each was immediately sentenced to time served. In each case, as part of the plea colloquy, the Magistrate Judge advised the Defendant that the elements of the offense to which he or she was pleading guilty were: (1) that Defendant was an alien, (2) that Defendant had the specific intent to enter the United States at a time and place other than as designated by immigration officers, (3) that Defendant had the specific intent to enter the United States free from official restraint and (4) that Defendant did something that was a substantial step towards committing the crime that strongly corroborated his or her intent to commit the crime. In most cases, the defense counsel objected to these elements, arguing that, as an element of the offense, the Government was also required to prove that at the time the Defendant attempted to enter the United States illegally, the Defendant knew he or she was an alien.[2]

---

[2] In the cases of Villagomez-Casteneda (No. 19-mj-11286), Vasquez-Zurita (No. 19-mj-11684), Jacobo-Villavazo (No. 19-mj-11779) and Reyes-Francisco (No. 20-mj-08082), defense counsel voiced no objection to the factual basis.

After advising each Defendant of the elements of the offense, the Magistrate Judge proceeded to ask each Defendant questions to determine whether there was a factual basis for the plea. In each case, the Magistrate Judge asked the Defendant whether he or she was a citizen of the United States. In each case, the Defendant answered that he or she was not, without voicing any confusion or grounds for claiming citizenship.

Each Defendant now appeals the conviction following this guilty plea, raising almost identically worded issues on appeal: (1) the Magistrate Judge misinformed the Defendant of the elements because there was no mention of the requirement that the Defendant knew he or she was an alien at the time of entry; (2) Section 1325 is facially unconstitutional in light of *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017); and (3) Section 1325 is void for vagueness and violates the non-delegation doctrine.

## II.  LEGAL STANDARD

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B); *see also* 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*

## III.  ANALYSIS

### A.  Knowledge of Alienage Is Not an Element of Section 1325

Defense counsel first argues that the Magistrate Judge violated Rule 11 when omitting an element of Section 1325. According to defense counsel, the Magistrate Judge should have advised each Defendant that an additional element was that the Defendant knew he or she was an alien at the time of entry. *See* Defendant's Opening Brief (citing *United States v. Hernandez*, 504 F. App'x 647 (9th Cir. 2013) (unpublished); *United States v. Smith-Baltiher*, 424 F.3d 913 (9th Cir. 2005)). Both *Hernandez* and *Smith-Baltiher* concerned whether a defendant could present a good faith, if mistaken, belief that he was a citizen at the time of his illegal entry in a Section 1326 prosecution. In each case, the Ninth Circuit ruled the defendant could raise such a defense because in a Section 1326

prosecution, the Government is required to prove that the defendant has the specific intent to enter the United States without permission. The fact that a defendant may have thought he had a legal right to enter could negate this intent.

As a preliminary matter, none of the named Defendants expressed any confusion or good faith belief that he or she was a citizen of the United States at the time of entering the United States. When the Magistrate Judge asked each Defendant whether he or she was a citizen of the United States, each forthrightly answered, "No."

Second, the elements of Section 1325(a) are different than that of Section 1326(a). In a Section 1325(a) prosecution, the key is whether the defendant had the specific intent to enter the United States at a time and place other than as designated by immigration officers. In a Section 1326(a) prosecution, the key is whether the defendant had the specific intent to enter the United States without the consent of the U.S. Attorney General. Thus, a defendant can be prosecuted for an attempt to violate Section 1326 if he or she comes to a Port of Entry and falsely claims U.S. citizenship. Not so for a Section 1325 prosecution. A Section 1325 prosecution requires that a defendant not enter through a Port of Entry. Thus, in both *Hernandez* and *Smith-Baltiher*, the defendant, who came to the Port of Entry and claimed U.S. citizenship, should have been allowed to present evidence that he believed this was true. There is no such corresponding element in a Section 1325 prosecution.

Finally, there is no requirement that a judge, when taking a plea, outline all possible defenses to a defendant before the plea can be accepted. The judge is only required to lay out the elements of the offense, which in this case, was done.

Defense counsel also argues that the recent Supreme Court decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), required the Magistrate Judge to add an element of knowledge of alienage to the Section 1325 elements. *Rehaif* concerned the scope of the word "knowingly" in the context of a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2). Contrary to those statutes, Congress did not incorporate the word "knowingly" into Section 1325.

Furthermore, the Court in *Rehaif* was particularly concerned that failure to incorporate a scienter requirement would result in prosecution of innocent conduct. No such concern exists with Section 1325. Even those who are not aliens are not allowed to enter the United States at a time and place other than as designated by immigration officers. *See United States v. Nunez-Soberanis*, 406 F. Supp. 3d 835, 844 (S.D. Cal. 2019) (citing 19 U.S.C. § 1459).

Therefore, *Rehaif* is distinguishable, and there is no requirement that the Government prove a defendant knew he or she was an alien at the time the defendant attempted to enter the United States at a place not designated by immigration officers.

### B. *Morales-Santana* Does Not Render Section 1325 Unconstitutional

Each Defendant argues that *United States v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. This Court agrees with those courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g.*, *United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*.").

This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

### C. The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers." Defense counsel argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal provision without

- 6 -

providing the executive branch official with an intelligible principle to guide the official's discretion.

Congress may not delegate to another branch "powers which are strictly and exclusively legislative." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). However, Congress "may confer substantial discretion on executive agencies to implement and enforce laws." *Id*. The Supreme Court has acknowledged "that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Gundy*, 139 S. Ct. at 2123 (alterations in original) (quoting *Mistretta*, 488 U.S. at 372).

This Court agrees with *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), that "Defendant's non-delegation argument is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries." As explained in *Gonzalez-Pena*:

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry. *See United States v. Corrales-Vazquez*, 931 F.3d 944, 946 (9th Cir. 2019); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017). Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act. *See* 8 C.F.R. § 100.4(a). Ports of entry also necessarily include facilities, staffed by immigration officials that are set up to accept applications for admission. *Aldana*, 878 F.3d at 882. To interpret Section 1325(a) to permit a border patrol agent to designate a portion of the border fence "on a whim" is in direct conflict with Congress's clear statutory scheme.

*Id*. Therefore, this Court agrees that Section 1325 making it illegal for an individual to enter the United States other than a place designated by immigration officers does not violate the non-delegation doctrine.

Furthermore, the statute is not unconstitutionally vague. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits . . . . Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1973). In particular, a statute is vague if it "makes criminal activities which by modern standards are normally innocent," or if it sets a net so large that law enforcement is able to pick and choose who to arrest. *Papachristou*, 405 U.S. at 163.

Section 1325 provides adequate notice to people of reasonable intelligence as to what is prohibited. Individuals must enter the United States through a designated Port of Entry. Failure to do so by one who is not a citizen of the United States is a violation. There is no suggestion that the statute encourages or even allows arbitrary or discriminatory enforcement. Therefore, the argument that the statute is vague must fail.

## IV. CONCLUSION

For the reasons stated above, the appeal of the Magistrate Judge's decision in each of the above cases is denied. The conviction in each case is affirmed.

**IT IS SO ORDERED.**

**DATED: October 5, 2020**

Hon. Cynthia Bashant
United States District Judge